Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1018720)
U.S. Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
     Telephone: (213) 894-4983
     Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>           Plaintiff,<br><br>     v.<br><br>**THE TIMING, INC.,**<br><br>          Defendant. | Case No.: CV 10-00495 RGK<br>(FMOx)<br><br><br><br><br>**CONSENT JUDGMENT** |

      Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant The Timing, Inc.. ("Defendant"),  have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

      A.    The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

      B.    Defendant has appeared and (after having been advised by the Secretary of the right to retain the assistance of defense counsel) acknowledges receipt of a copy of the Secretary's Complaint.

C.     Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D.     The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.     Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F.     Defendant has posted $13,319.66 with the U.S. Department of Labor, Wage and Hour Division, to cover FLSA wage underpayments due to employees of its sewing contractor, KY Clothing, Inc.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of FLSA Section 15(a)(1), 29 U.S.C. § 215(a)(1) in any of the following manners:

1.   Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage provisions (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207).

2.   Defendant shall review with the owner or top management official of all sewing contractors with whom it does business each of the following items prior to entering into any contract for services or work on goods and Defendant shall maintain documentation showing the matters discussed:

A.  The terms and purpose of this Judgment;

**Consent Judgment** (Sol #1018720)                                                                 **Page 2 of 7**

B.  If the proposed price terms are such that the contractor will be able to able to comply with the FLSA's minimum wage and overtime requirements;

C.  The sewing contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and the contractor's financial resources to understand and comply with the FLSA and this Judgment;

D.  The sewing contractor's obligation to inform Defendant immediately whenever it is unable to meet the requirements of the FLSA.

3.  Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of KY Clothing, Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, that were previously deposited with the U.S. Department of Labor, Wage and Hour Division, an amount sufficient to pay to such employees the back wages due to them under the FLSA.  The amount hereby found due to these employees is $13,319.66 for the period from 9/15/09 – 12/15/09. The attached Exhibit 1 shows the name of each employee of KY Clothing, Inc. due backwages and the gross backwage amount due to each.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion. Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

4.  Defendant shall supply all of its sewing contractors with copies of this Consent Judgment in English, Spanish and Korean that must be posted on the premises of all contractors with whom the Defendant does business;

5.  Within 30 days of the entry of this Judgment, Defendant shall hire a third

party to monitor its sewing contractors to enforce the contractors' compliance with the FLSA. This monitoring program shall include site visits to the contractors, on at least on a quarterly annual basis, to: 1) review time and payroll records: 2) determine the hours worked by employees and actual pay they receive; and, 3) confirm the posting of this Consent Judgment on the contractor's premises as required by paragraph 4 of this Judgment. Defendant shall provide written reports from the third party monitor to the Wage and Hour Division located at 915 Wilshire Boulevard, Suite 960, Los Angeles, CA, 90017, for the first year after entry of this Judgment; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.


Dated: February 1, 2010                   _____

                                          U.S. DISTRICT COURT JUDGE

For the Defendant The Timing, Inc:

The Defendant hereby appears, waives any
defense herein, consents to the entry of
this Judgment, and waives notice by the
Clerk of Court:

By: _____          _____
        Bo Whan Kim                                    Date

Its: _____
        President

///

///


**Consent Judgment** (Sol #1018720)                                    **Page 4 of 7**

Attorneys for Defendant

_____
DAVID GARCIA, Esq.
205 S. Broadway, Suite 300
Los Angeles, CA 90012
Ph:  213-617-0600

For the Plaintiff:

DEBORAH GREENFIELD
Acting Deputy Solicitor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____                    _____
SUSAN SELETSKY, Attorney                    Date
Attorneys for the Plaintiff,
Secretary of Labor, U.S. Department of Labor

<u>Exhibit 1</u>

| Last Name | First Name | From | To | Amount Due |
|---|---|---|---|---|
| Baten | Santa | $    592.41 | 9/15/09 | 12/15/09 |
| Chaj | Juan Cox Chaj | $    263.63 | 9/15/09 | 12/15/09 |
| Chaj | Maynor | $    193.34 | 9/15/09 | 12/15/09 |
| Fuentes | Raquel | $    526.09 | 9/15/09 | 12/15/09 |
| Garcia | Jorge | $    564.07 | 9/15/09 | 12/15/09 |
| Gonzales | Juan | $    802.71 | 9/15/09 | 12/15/09 |
| Gonzales | Vicky | $    740.46 | 9/15/09 | 12/15/09 |
| Gutierrez | Jesus | $    688.03 | 9/15/09 | 12/15/09 |
| Hermelinda | Tecum | $    597.74 | 9/15/09 | 12/15/09 |
| Hernandez | Antonio | $    202.03 | 9/15/09 | 12/15/09 |
| Hernandez | Bernabe | $    485.03 | 9/15/09 | 12/15/09 |
| Hernandez | Catalina | $    382.04 | 9/15/09 | 12/15/09 |
| Hernandez | Ignacio | $    630.70 | 9/15/09 | 12/15/09 |
| Hernandez | Roberto | $    205.34 | 9/15/09 | 12/15/09 |
| Hernandez | Rolando | $ 1,420.07 | 9/15/09 | 12/15/09 |
| Herrera | Angelina | $    365.54 | 9/15/09 | 12/15/09 |
| Herrera | Eduardo | $    407.20 | 9/15/09 | 12/15/09 |
| Hiloj | Joselyn | $    153.34 | 9/15/09 | 12/15/09 |
| Nepo | Francisco | $    652.03 | 9/15/09 | 12/15/09 |
| Oxlaj | Hilda | $    548.03 | 9/15/09 | 12/15/09 |
| Pastor | Juan | $    177.69 | 9/15/09 | 12/15/09 |
| Poroj | Macario | $    225.34 | 9/15/09 | 12/15/09 |
| Vasquez | Elias | $ 1,192.73 | 9/15/09 | 12/15/09 |
| Vasquez | Jeremias | $    616.03 | 9/15/09 | 12/15/09 |

**Consent Judgment** (Sol #1018720)                                      **Page 6 of 7**

| Zagal | Javier | $ 688.04 | 9/15/09 | 12/15/09 |